UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-62283-CV-DIMITROULEAS

CARMELO ENRIQUE DE AVILA GONZALEZ,

Petitioner,

v.

WARDEN, BROWARD TRANSITIONAL CENTER, *et al.,*

Respondents.
_______________________________/

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

**THIS CAUSE** is before the Court on Carmelo Enrique De Avila Gonzalez ("Petitioner")'s Petition for Writ of Habeas Corpus [DE 1], filed August 17, 2026. The Court has considered the Petition [DE 1] and is otherwise fully advised in the premises.

Petitioner Carmelo Enrique de Avila Gonzalez is a native and citizen of Venezuela. Petitioner has been detained by U.S. Immigration and Customs Enforcement (ICE) at the Broward Transitional Center since August 11, 2026 [DE 1] at ¶ 1. Petitioner has resided continuously and peacefully in the United States since his arrival on March 16, 2022, through Eagle Pass, Texas. *Id.* Petitioner has no known criminal convictions or history of criminal conduct in the United States. ¶ 2. Petitioner filed an asylum application, which was referred to the Immigration Court, and has remained subject to removal proceedings under 8 U.S.C. § 1229a. ¶ 79.

Petitioner asserts his detention is governed, if at all, by 8 U.S.C. § 1226(a), and is therefore entitled to the procedural protections afforded by that statute, including an individualized determination of whether continued detention is warranted. ¶ 63. Petitioner seeks, *inter alia*, an order that Petitioner shall not be transferred outside the jurisdiction of the Southern District of

Florida while this Petition remains pending; a declaration that Petitioner is not subject to detention under 8 U.S.C. § 1225(b), and that he is lawfully detainable, if at all, only under 8 U.S.C. § 1226(a); Petitioner's immediate release, or in the alternative, an order requiring Respondents to release Petitioner if he is not provided a bond hearing within seven (7) days after the Court's order. *Id*. ¶¶ 120-125.

The federal habeas corpus statute, 28 U.S.C. § 2241, "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Cadet v. Bulger*, 377 F.3d 1173, 1181–82 (11th Cir. 2004) (quoting 28 U.S.C. § 2241(c)(3)). "It is the petitioner's burden to establish his right to habeas relief,] and he must prove all facts necessary to show a constitutional violation." *Blankenship v. Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008) (citation omitted).

Under the Eleventh Circuit in *Hernandez Alverez v. Warden, Federal Detention Center Miami, et al.,* 175 F.4th 1258 (11th Cir. 2026) it appears Petitioner is entitled to a bond hearing under § 1226(a). Nevertheless, a habeas petitioner must first exhaust administrative remedies before seeking review in the district court. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) ("The exhaustion requirement is still a requirement; it's just not a jurisdictional one"). Petitioner must therefore move for a bond hearing with ICE before seeking intervention from this Court. Petitioner's speculation that he will not be granted a bond hearing does not suffice to meet the exhaustion requirement. The Court's action at this juncture would only serve to permit Petitioner to jump to the front of the bond-hearing line.

Petitioner may renew his petition upon a showing that he has been improperly denied a hearing.

Accordingly, it is **ORDERED AND ADJUDGED** as follows

1. The Petition [DE 1] is **DENIED WITHOUT PREJUDICE** to renewing upon a showing that Petitioner has requested and been improperly denied a bond hearing.
2. The Clerk is **DIRECTED** to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of August, 2026.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to

Counsel of record